### *TOWNSLEY & PRIEUR vs. SPRINGER.*

NOTICE by mail to the indorser, must be put in the post office, the next mail day after the protest, otherwise the endorser is discharged.

APPEAL from the court of the first district.

The defendant was sued as the endorser of a note, and the defence set up was, want of notice.

It appeared from the testimony, that the defendant, at the time of protest, was clerk, on board the steamboat Washington, a regular trader between New Orleans and Louisville, Kentucky, at which last place she then was. The note was protested on Wednesday the 10th of

Eastern District.
*March,* 1830.

TOWNSLEY
& AL.
*vs.*
SPRINGER.

June, and the notice to defendant was put in the post office on Sunday the 14th. It was in evidence that the mail from New Orleans to Louisville, at that period, left New Orleans, on the Sunday, Tuesday and Friday of each week.

There was judgment for the plaintiffs and the defendant appealed.

*Hoffman,* for the appellant.

The note was protested on the 10th—the mail left New Orleans on the 12th, and notice of protest was sent by the mail of the 14th. To defer it till then, was a fatal neglect, unless due diligence to give earlier notice be proved.

Evidence was introduced by the plaintiffs to make it probable they were ignorant of defendants residence, but he must show diligence to discover it—Chitty, 275—3. John, cases, 89. Beverige, V. Burges, 3. Campbell, 262. Chitty, 518.

Due diligence must be used the day following the protest—7 M. n. s. 585—1 M. n. s. 323—notice must be given the day after protest—11 Mart. 452. Reasonableness of notice is a question of law and fact—10 Mar. 89—7 Mar. 86. The plaintiffs were the holders, the notary their agent—12 Wheaton, 559—1st. Mason, 176—2 Peters, 102—1 Peters, 583—

Eastern District.
*March*, 1830.

TOWNSLEY
& AL.
*vs.*
SPRINGER.

13, Johnson's reports, 432—6 Massa. Reports, 386—and Collins *vs.* Butler, Strange, 1087.

*Maybin*, contra.

The note was protested on. Wednesday the 10th of June, the mail for the western states left on Friday, the 12th, and on Sunday the 14th, the next mail day, notice was given to the defendant at Louisville, Kentucky.

The defence is, that notice should have gone on Friday the 12th.

The testimony shows that, after the endorsement of the note by defendant, he left the state. That he was a clerk on board a steam boat navigating the Mississippi or the western rivers. He had no known domicil.

If he lived at Louisville, and the plaintiffs knew it, there might be some ground for the defence, but he was a transient person, and had been a clerk on board steam boats for several years. Under these circumstances, the plaintiffs sent their notice, as soon as they had any knowledge of where he might probably be found. Chitty, edition of 1826, 213 and authorities cited—12 East. 433—5 English Com. Law Reports, 471—15 Idem, 242—8 Idem, 66—Baldwin *vs.* Richardson, 2 Caine's Rep. 127—1 Johnson, 294.

Rules for the testing of diligence must be reasonable—1 Peters, 583.

Eastern District.
*March*, 1830.

TOWNSLEY
& AL.
*vs.*
SPRINGER.

But the defendant was entitled to no notice; he had left the state after his endorsement in New Orleans, and left no known agent in New Orleans, or the state; in this case the law dispenses with regular notice—2 Peters, 102—Williams vs. bank of the United States—6 Massa. Reports at the close of the opinion.

MARTIN, J. delivered the opinion of the court. The defendant, sued as endorser of a a promissory note, is appellant of a judgment in favor of the plaintiffs and contends the latter lost his recourse by neglecting to give timely notice of the non-payment of the note. It was protested on Wednesday the 10th of June, 1829, and the notice was not lodged in the post office till the Sunday, 14th of the same month; and it is shown the mail at that period, left New Orleans for Louisville, the defendant's residence, every Tuesday, *Friday*, and Sunday, so that the next mail day, which the plaintiff was bound to improve was Friday the 12th. It appears he had notice of the protest on the 10th or 11th. We are of opinion the district judge erred in considering the delay as not fatal.

Notice by mail to the indorser, must be put in the post office the next mail day after the protest, otherwise, the indorser is discharged.

Eastern District.
*March* 1830.

Townsley
& al.
vs.
Springer.

It is therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.