### DUFOUR *vs.* MORSE ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the notice of protest is left with a black man, who appears to be a servant in the house of the endorser, and who stated at the time that the latter was still in bed, it is insufficient to bind the endorser.

The fact of the endorser taking a mortgage from the maker of a note, to indemnify him against loss, does not dispense with due and legal notice of protest for non-payment, to be given by the holder.

This is an action against the widow and only son and heir of the late Nathan Morse, to render them liable for the amount of a promissory note, endorsed by the deceased, and which became due and payable after his death.

The defendants admitted the signature of Morse, and their heirship; but denied that they were liable, for want of legal notice of protest.

The parties went to trial on this issue.

The evidence showed that the note in suit fell due, and payment was demanded of the maker, on the 2d day of August, 1834, and it was protested the same day for non-payment.

EASTERN DIST.
*April*, 1836.

DUFOUR
*vs.*
MORSE ET AL.

,The notary's clerk testified, that on the 4th of August, (the 3d being Sunday,) he went early in the morning to the dwelling house, of the late Col. Morse, where his widow and son then resided, to serve the *notice* of protest of the note in question ; that he was informed by a black man, a servant in the house, that all the white persons were asleep. He then left the notice with the black man, requesting him to deliver it either to Mr. Morse, the son, or to Mrs. Morse, the widow of the deceased.

He further states, that he found this black man standing before the door, where he had knocked several times for a long while.  This man seemed to be a servant of the house ; he was the only person who came after the witness had knocked at the door.

It further appeared, that Col. Morse, when he endorsed the note, took a mortgage on property of the maker, to indemnify him against any loss on account of the endorsement.

The parish judge deemed the notice of protest insufficient, and gave judgment for the defendants.  The plaintiff appealed.

*J. Seghers,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

This is an action on a note, endorsed by the late N. Morse, deceased.  The suit is brought against the widow and heir of the deceased, to render them liable for his endorsement.

The defendants resisted the demand, on the ground that there was no legal notice of protest.  Judgment was rendered in their favor, and the plaintiff appealed.

The evidence shows, that the clerk of the notary who protested the note, called very early on the next morning, at the house of the defendants, and left the notice of protest with a negro boy, who told him they were still in bed.  The plaintiff's counsel has not contended, that this was a legal notice, especially as a witness has deposed, that there was not at that time a black servant in the house.

Where the notice of protest is left with a black man, who appears to be a servant in the house of the endorser, who stated at the time, that the latter was still in bed, it is insufficient to bind the endorser.

He has, however, shown, that the maker of the note, at the time he obtained Morse's endorsement, gave him a mort- gage, in order to indemnify him, in case he sustained any loss in consequence of his endorsement.

It is contended, that as the endorser was secured against any loss, there was no necessity of giving him any notice. This may be the case where a creditor is secured against the effect of the endorsement by the receipt of a sum of money, other notes, bills or property. In such a case he may be viewed as having undertaken to apply the money he received (or that which the notes, bills or property may afford him the means of obtaining) to the discharge of his conditional obligation. He may be viewed as an agent who has undertaken to pay, and though, therefore, cannot be said to be disappointed, if his principal, relying on the performance of the obligation of his friend, takes no further steps for the payment of the note.

But here the endorser received nothing but a mortgage for his indemnification. He might well expect that the duty and interest of the maker would prompt him to prevent the protest of the note. He knew that the only obligation he had incurred towards the holder of the note, was to pay it in case the drawer did not, and after being duly and legally notified of the failure and neglect of the maker to take it up.

The fact of the endorser taking a mortgage from the maker of a note, to indemnify him against loss, does not dispense with due and legal notice of protest for non-payment, to be given by the holder.

Towards the latter, the endorser incurred no obligation. The mortgage was a useless paper in the hands of the defendants. The inchoate and conditional obligation which resulted from the endorsement, never became perfect and absolute. The endorser, nor those who represent him in this case, have not suffered, nor can they now suffer any injury, for the indemnification of which they could resort to the mortgage. The defendants are precisely in the same situation, as they would be if no mortgage had been taken.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.